# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ADAM BUSH,

     Plaintiff,

vs.

     Case No. _____

TARGET CORPORATION, and JILL VAUGHN, individually,

     Defendants.

## NOTICE OF REMOVAL

Defendant, Target Corporation ("Target") hereby removes this action brought by Plaintiff Adam Bush from the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2026-1533 ("State Court Action"), to the United States District Court for the Western District of Oklahoma. Target removes this case on the grounds that (1) this Court has original jurisdiction over the claims involving a federal question; and (2) this Court has original jurisdiction over the action because of diversity of citizenship of the parties. Removal is based on 28 U.S.C. §§ 1331, 1332 and 1441(a) on the following grounds:

### Background

1.     Plaintiff filed his Petition on March 2, 2026 in the State Court Action. In the Petition, Plaintiff alleges state law claims for "retaliation," "Burk Tort (wrongful discharge)," "tortious interference with contract," "defamation," and "punitive damages." *See* Ex. 1, Petition.

2. On March 2, 2026, Plaintiff served Target with the Petition via certified mail. *See* Ex. 2, Summons. As of the filing of this Notice, Defendant Jill Vaughn has not been served.

3. This Notice of Removal is timely because Target has removed this action within 30 days of service of the Petition. *See* 28 U.S.C. § 1446(b)(2)(B).

4. Removal to this Court is appropriate because the Petition is pending in the District Court of Oklahoma County, State of Oklahoma, which is located in this Court's jurisdiction. See 28 U.S.C. §§ 116(c), 1441(a).

## Grounds for Removal

5. The Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331. Plaintiff alleges in his first Cause of Action that he was an employee of Target and that he "engaged in protected activity under federal and state law by opposing unethical hiring practices." *See* Ex. 1 ¶ 14; *see also McFarlane v. Millard Cty.*, No. 17-CV-00599-DS, 2017 WL 3668964, at *1 (D. Utah Aug. 24, 2017) (noting the distinction, for removal purposes, of choosing to reference federal law specifically in the cause of action section of a pleading); *see also* 42 U.S.C. § 2000e-3(a) (making it unlawful for an employer to discriminate or retaliate against any employee because they "opposed any practice made an unlawful employment practice by this subchapter"). In addition, Plaintiff has alleged the elements of a retaliation claim under Title VII. *Compare Thomas v. Berry Plastics Corp.*, 803 F.3d 510, 514 (10th Cir. 2015) ("(1) he or she engaged in a protected activity, (2) he or she suffered a material adverse action, and (3) there was a causal connection between the protected activity and the adverse action." *with* Pet. ¶¶ 14-16

2

("Plaintiff engaged in protected activity under federal and state law by opposing unethical hiring practices and reporting the same to Target's Integrity Hotline; Defendants took adverse employment actions by placing Plaintiff on a PIP and subsequently terminating his employment; [a] causal connection exists between Plaintiff's protected report and his termination, as the adverse actions closely followed his internal complaint."). In his first cause of action, Plaintiff does not cite specifically to any state law.

6.    Plaintiff also alleges (under the heading "Parties, Jurisdiction, and Venue") that he has exhausted his *federal* administrative remedies which is a condition precedent to a *federal* employment retaliation claim and timely filed his claims pursuant to receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission, an entity which is specifically empowered to "prevent any person from engaging in any unlawful employment practices as set forth in [42 U.S.C. §§ 2000e-2, e-3]," which include, among others, employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5.[1] Title VII claims arise under the laws of the United States, and—because Plaintiff explicitly refers to "federal law" and explicitly links his retaliation claim to his federal administrative filing—his Petition must be construed as asserting claims arising under federal law, thus providing the Court with federal question jurisdiction.

---

[1] Target notes that neither exhaustion of administrative remedies nor timeliness are jurisdictional prerequisites. *See Cirocco v. McMahon*, 768 F. App'x 854, 857–58 (10th Cir. 2019); *Calvert v. Roadway Exp. Inc.*, 32 F. App'x 510, 512 (10th Cir. 2002). Nevertheless, Plaintiff chose to plead this information under jurisdiction and thus it is relevant to his intention to plead federal claims.

7.      Further, it is apparent from Plaintiff's pleading that "federal issues are essential to his claim," because retaliation claims are *not cognizable* under the Oklahoma Anti-Discrimination Act, the only Oklahoma statute which could apply in this matter. *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012); *see also Edwards v. Andrews*, 382 P.3d 1045, 1047 (Okla. 2016); *Sultuska v. JPMorgan Chase Bank*, No. CIV-18-699-C, 2019 WL 4888579, at *2 n.2 (W.D. Okla. Oct. 3, 2019). The Oklahoma Anti-Discrimination Act is the "exclusive remed[y] within the state of the policies for individuals alleging discrimination in employment." 25 O.S. §§ 1101, 1350(A). Thus, Plaintiff's retaliation claim must be based on the pleaded protected activity under federal law, or else his retaliation claim fails as a matter of law.

8.      Therefore, the State Court Action may be removed to this Court by Target under 28 U.S.C. § 1441(a).

9.      This Court also has original jurisdiction over the State Court Action under 28 U.S.C. § 1332. All parties are diverse—Plaintiff has alleged he is "an individual residing in Edmond, Oklahoma." Pet. ¶ 1. Target Corporation is domiciled in Minnesota, its place of incorporation and principal place of business. Jill Vaughn is an individual domiciled in Texas. *See* Ex. 3 ¶ 3. And the amount in controversy is greater than $75,000. For each of his four stated claims Plaintiff alleges damages "in an amount over $10,000." *See* Pet. ¶¶ 18, 22, 17, 31. Further, Plaintiff alleges a separate cause of action for "Punitive Damages" and requests "unlimited punitive damages for the tort claims" within his Prayer for Relief.

4

*See id.* ¶ Prayer for Relief.[2] Plaintiff has alleged an entitlement to an amount over $40,000 in actual damages, and an entitlement to "unlimited punitive damages" for the three tort claims, making it plausible that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 89 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

10.    Therefore, the State Court Action may be removed to this Court by Target under 28 U.S.C. § 1441(a).

### Notices Provided to Plaintiff and to the State Court

11.    Under 28 U.S.C. § 1446(a) and LCvR81.2, the docket sheet and a true and correct copy of all of process, pleadings, and orders served upon Target in the State Court Action are attached. *See* Ex. 4, State Court Docket Sheet.

12.    In accordance with 28 U.S.C. § 1446(d), Target is promptly filing a notice (with a copy of this Notice of Removal attached to it) with the Oklahoma County Court Clerk—the court in which this action was commenced and pending at the time this Notice of Removal was filed with this Court. That filing will be done in the case entitled *Bush v. Target Corporation, et al.*, District Court of Oklahoma County, State of Oklahoma, Case No. CJ–2026-1533. Target will promptly serve a notice of filing of removal, with a copy of the notice of removal attached, on Plaintiff. *See* Ex. 5, State Court Notice.

---

[2] Plaintiff's Petition does not include page numbers.

## Conclusion

13. By this notice, Target does not waive any objections that it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Target intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Target requests that this action be removed to this Court for determination, that all further proceedings in the State Court Action be stayed, and that Target obtains all additional relief to which it is entitled.

Target respectfully removes the above-captioned action now pending against it in the District Court of Oklahoma County, State of Oklahoma, to this Court.

Respectfully submitted,

*s/ Cameron G. Skinner*

Samuel R. Fulkerson, OBA #14370
Cameron G. Skinner, OBA #36256
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK  73102
Telephone: (405) 546-3774
Facsimile: (405) 546-3775
sam.fulkerson@ogletree.com
cameron.skinner@ogletree.com

***Attorneys for Target Corporation***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 30, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert C. Newark III, OBA #21992
Tyler Wilson, OBA #32541
1019 Waterwood Pkwy, Ste. C
Edmond, OK 73034
T: 866.230.7236
F: 888.316.3398
oklahoma@newarkfirm.com

***Attorneys for Plaintiff***

s/ *Cameron G. Skinner*
Cameron G. Skinner

7